UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 25-649 |
| ST. TAMMANY PARISH JAIL, ET AL. | SECTION "T" (2) |

**Applies to: ALL CASES**

### FINDINGS AND RECOMMENDATION

Plaintiff Brian Washington filed this *pro se* and *in forma pauperis* 42 U.S.C. § 1983 complaint challenging the conditions of confinement. ECF No. 1. On October 32, 2025, I issued a § 1983 Response Order directing Washington to provide additional information about the claims on or before December 1, 2025.  ECF No. 19.  The order was mailed to Washington at the St. Tammany Parish Jail address of record.  On December 4, 2025, the envelope mailed to Washington was returned marked "RETURN TO SENDER UNABLE TO FORWARD." ECF No. 20 at 1. Washington has not responded to the court's order and has not provided the court with a current address.

When Washington failed to respond to the Response Order, I issued an order on December 5, 2025, for Washington to show cause on or before January 5, 2026, why the § 1983 complaint should not be dismissed for failure to prosecute. ECF No. 21. The envelope containing the order was returned on December 23, 2025, marked "RETURN TO SENDER NO LONGER HERE." ECF No. 22 at 1. Washington has not provided the Court with a change of address from that provided at the time of the filing of this lawsuit or responded to the show cause order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any

order of the court.[1]  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the court's order.[2]  Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh her actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

All litigants are obligated to keep the court advised of any address change.[5]  In addition, the complaint form used by Washington to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[6] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[7]

Washington has not contacted the Court or provided a current address within 35 days of the return of the first undeliverable envelope.[8]  Washington has failed to comply with the court's rules and orders, which has created delay in the court's ability to efficiently manage the case.  This

---

[1] *Hulsey v. St. of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas Cnty. Dep. Sher. Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris Cnty. Sher.'s Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[5] *See* EDLA Local Rules 11.1 and 41.3.1.
[6] ECF No. 1, ¶VI(2), at 6 (Plaintiff's Declaration).
[7] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[8] *See*, L.R. 41.3.1 ("The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.")

2

delay is caused by and attributable to Washington herself, justifying dismissal of the claims within the complaint for failure to prosecute.[9]

In a final effort to provide Washington with an opportunity to show cause why her claims should not be dismissed, I issue these Findings and Recommendation to the presiding United States District Judge. Washington is advised that she may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Washington that any objection should contain a short summary of the reasons why she failed to comply with the court's previous orders. Washington is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Washington is further advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[10]

---

[9] *See Torns v. St. of Miss. Dep't of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).
[10] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

## <u>RECOMMENDATION</u>

It is **RECOMMENDED** that plaintiff Brian Washington's 42 U.S.C. § 1983 claims be

**DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P.

41(b).

New Orleans, Louisiana, this _8th_ day of January, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE